UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**
HOFFMAN & HOFFMAN
Brian L. Hoffman, Esq.
99 Highway 35
Keyport, New Jersey 07735
Tel. (732) 264-1956
Fax. (732) 264-1030
Email: brian@hoffman-hoffman.net
Attorneys for Debtor(s)

Order Filed on August 7, 2024
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:
Eugene Finnegan and Sharon Finnegan

Case No.: 23-11113
Hearing Date: 8/7/23
Chapter: 13
Judge: CMG

## ORDER AUTHORIZING
## SALE OF REAL PROPERTY

| Recommended Local Form: | ☒ Followed | ☐ Modified |
|---|---|---|

The relief set forth on the following pages numbered two (2) and three (3), is **ORDERED**.

**DATED: August 7, 2024**

*/s/ Christine M. Gravelle*
Honorable Christine M. Gravelle
United States Bankruptcy Judge

After review of the Debtor's motion for authorization to sell the real property commonly known as _____16 Concord Drive, Hazlet, NJ 07730_____, New Jersey (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☒ In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

| | |
|---|---|
| Name of professional: | Brian L. Hoffman, Esq./Larissa Colangelo/Richard Lello |
| Amount to be paid: | $2,500/2% + $150/2%-$150 |
| Services rendered: | Representation as real estate attorney for transaction/Real Estate Agent for Sellers/Real Estate Agent for buyers |

**OR**: ☐ Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

5. The amount of $   55,800   claimed as exempt may be paid to the Debtor.

6. The ☒ *balance of proceeds\** or the ☐ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case.

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8. ☐ The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Other provisions:  *Non exempt proceeds needed to pay plan off at 100% will be paid to Trustee.

*rev.1/12/22*